

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| MICHAEL J. THOMPSON, <br> JENNIFER M. THOMPSON <br> <br> Plaintiffs, <br> <br> v. <br> <br> HOUSEHOLD FINANCE CORP. II, <br> <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 8:04-201-HFF <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

This is a predatory lending case over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446.  Currently pending before the Court are Plaintiffs' motion to vacate the arbitration award and Defendant's motion to confirm the arbitration award.  For the reasons stated below, the Court will deny Plaintiffs' motion and grant Defendant's motion.

**II.    FACTUAL AND PROCEDURAL HISTORY**

On January 18, 2002, the parties to this case entered into three loan transactions, each of which included agreements to adjudicate disputes by means of arbitration.  Pursuant to these agreements, Plaintiffs submitted claims against Defendant to the American Arbitration Association (AAA) on December 1, 2003.  In December, 2004, AAA declined to arbitrate the claims submitted

by Plaintiffs, and Plaintiffs initiated the present suit in the Court of Common Pleas for Anderson County, South Carolina. Defendant timely removed this action to this Court on January 22, 2004, and, on March 11, 2004, moved for an order dismissing or staying the action in favor of binding arbitration. On June 16, 2004, the Court ordered that this case be submitted to arbitration before the AAA, and on August 9, 2004, the Court stayed further proceedings in this matter pending completion of arbitration.

Defendant submitted a motion to dismiss Plaintiffs' claims to the AAA arbitrator. The arbitrator held a hearing on the motion on November 18, 2004. In its motion, Defendant claimed that Plaintiffs were part of a nationwide class action for which a final order had been entered by the United States District Court for the Northern District of California (ACORN settlement). Because Plaintiffs failed to opt out of the ACORN settlement, Defendant reasoned, they had released their claims against Defendant. On January 17, 2005, the AAA arbitrator issued an order granting Defendant's motion and dismissing Plaintiffs' claims. Subsequently, Defendant filed a motion asking this Court to confirm the arbitrator's decision, and Plaintiffs moved to vacate the same decision.

### III.    STANDARD OF REVIEW

Section 9 of the Federal Arbitration Act (FAA) provides that any party may, within one year, apply to a court for an order confirming an arbitrator's award. 9 U.S.C. § 9. In such cases, the court's scope of review is extremely deferential. *Upshur Coals Corp. v. United Mine Workers of America*, 933 F.2d 225, 229 (4th Cir. 1991). Indeed, the court's review of an arbitration award is "among the narrowest known to the law." *Union Pac. R. R. v. Sheehan*, 439 U.S. 89, 91 (1978). The Court of Appeals has added substance to this standard, holding that

> in reviewing arbitral awards, a district or appellate court is limited to determining whether the Arbitrators did the job they were told to do–not whether they did it well, or correctly, or reasonably, but simply whether they did it. Courts are not free to overturn an arbitral result because they would have reached a different conclusion if presented with the same facts.

*Remmey v. Painewebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994) (internal punctuation and citations omitted). Further, a court must not disturb an arbitrator's award "even if the award resulted from a misinterpretation of law, faulty legal reasoning or erroneous legal conclusion." *Upshur Coals*, 933 F.2d at 229. Rather, a court may reverse an arbitral award only when the "[a]rbitrators were aware of the law, understood it correctly, found it applicable to the case before them, and yet chose to ignore it in propounding their decision." *Remmey*, 32 F.3d at 149.

### IV.     DISCUSSION

#### A.     Plaintiffs' Motion to Vacate the Arbitration Award

Plaintiffs support their motion to vacate the arbitrator's award with three arguments: (1) the arbitrator showed manifest disregard in ruling that the Plaintiffs were members of the ACORN settlement class, (2) Plaintiffs were free to seek independent legal action having fulfilled their obligations to submit their claims to arbitration, and (3) Defendant has taken two inconsistent positions and should be estopped from arguing Plaintiffs are bound by the ACORN settlement. The Court will discuss each of Plaintiffs' contentions in turn.

##### *1. Manifest disregard of the law*

Plaintiffs claim that the arbitrator showed manifest disregard for the law by finding that they were part of the ACORN settlement. In support of this position, Plaintiffs assert that, by initiating arbitration in December of 2003, they had, in essence, opted out of the ACORN settlement class.

Plaintiffs further assert that under the FAA, the ACORN court lacked jurisdiction to resolve any issue other than whether an agreement to arbitrate existed.

The Court finds these arguments unpersuasive. First, the Court notes that the arbitrator found that the notice provided by the ACORN settlement court was fair and in accord both with the requirements of Fed. R. Civ. P. 23(c)(2)(A) and 23(c)(2)(B) and with due process. The arbitrator concluded that in complying with these provisions, the ACORN court ensured "sufficient safeguards were in place to provide adequate notice to Class Members and the safeguards were applied." Arbitrator's Order at 4, attached as Exhibit B to Defendant's Motion to Confirm Arbitration. South Carolina law requires the arbitrator to go no further in scrutinizing the notice procedures of the ACORN settlement. *Hospitality Mgmt. Assocs., Inc. v. Shell Oil Co.*, 591 S.E.2d 611 (S.C. 2004) (stating that arbitrator should consider only whether the settlement court ordered adequate safeguards which were followed). Thus, the arbitrator properly scrutinized the notification procedures used by the ACORN court, and this Court is unable to say that he acted in manifest disregard of the law on this issue.

Second, the arbitrator concluded that Plaintiffs, after receiving notice, failed to opt out of the ACORN settlement class merely by "filing a Demand for Arbitration or by initiating this action in state court." Arbitrator's Order at 3. Persuasive authority indicates that the maintenance of an individual suit, which was commenced prior to receiving notice of the class settlement, does not effectively exercise a plaintiff's choice to opt out of a class action settlement. *E.g., Sloan v. Winn-Dixie Raleigh, Inc.*, 25 Fed. Appx. 197, 198 (4th Cir. 2002); *Penson v. Terminal Transp. Co., Inc.*, 634 F.2d 989, 996 (5th Cir. Unit B Jan. 1981); *Manji v. New York Life Ins. Co.*, 945 F.Supp. 919, 922 (D.S.C. 1996). The Court finds the reasoning in these decisions to be correct and adopts it here.

More importantly, the Court finds that the arbitrator did not act in manifest disregard of the law in applying the relevant law to the facts of this case; in fact, the arbitrator acted in accordance with the law.

Third, the Court finds no authority–nor have Plaintiffs cited any–to support Plaintiffs' proposition that the FAA deprived the ACORN court of jurisdiction over Plaintiffs' claims. Likewise, the arbitrator apparently discovered no support for this argument, as he concluded that the ACORN court "determined that it had subject matter jurisdiction of the Consolidated Action and personal jurisdiction over all parties and Settlement Class Member[s] for settlement purposes only." Arbitrator's Order at 3. The arbitrator further noted that the ACORN settlement applied to "all proceedings . . . currently being asserted by any Settlement Class Member in any forum," including "all claims . . . in contract, in tort, . . . statute, regulation, or common law, whether in arbitration, administrative or judicial proceeding." Id.

As noted above, the arbitrator had no authority under South Carolina law to review the decision of the ACORN court except for compliance with proper notification procedures. As Plaintiffs fail to demonstrate how the FAA deprived the ACORN court of jurisdiction, the Court again concludes that the arbitrator followed the law in reaching his decision.

### 2. *Plaintiffs' freedom to seek legal action*

Plaintiffs assert that they discharged their obligation to seek arbitration of any dispute arising from their loan transactions with Defendant and that the FAA, thus, gave this Court no authority to order the parties to resubmit their dispute to arbitration. The Court rejects this argument.

First, Defendant did not waive its right to compel arbitration. Although Plaintiffs allege that Defendant defaulted on its obligation to arbitrate, Plaintiffs fail to show that Defendant instituted

judicial action in lieu of arbitration. *See MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249-50 (4th Cir. 2001) (holding that party defaults on obligation to arbitrate only where it "so substantially utilizes the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay"). In the instant case, rather than utilizing the litigation machinery, Defendant acted only defensively by removing the case to federal court, moving to compel arbitration, and moving to dismiss. The FAA represents "a liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), which leads to the conclusion that waiver of the right to arbitrate is "not lightly to be inferred," *MicroStrategy*, 268 F.3d at 249. As the Court must resolve any doubts concerning waiver in favor of arbitration, *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 273-74 (4th Cir. 1997), the Court concludes that Defendant did not waive its right to compel arbitration.

Second, even if Plaintiffs' assertion is correct, the ACORN settlement nonetheless binds the Plaintiffs because they failed affirmatively to opt out. *See supra* at 4 (a suit initiated prior to a class action settlement does not qualify as an effective opt out). Therefore, Plaintiffs have not shown that the arbitrator's decision to grant Defendant's motion to dismiss should be vacated.

### 3. Judicial estoppel

Plaintiffs' final argument contends that Defendant should be equitably estopped from asserting that Plaintiffs are bound by the ACORN settlement. Both South Carolina and federal law present contain requirements for the application of judicial estoppel:

> (1) two inconsistent positions taken by the same party or parties in privity with one another; (2) the positions must be taken in the same or related proceedings in involving the same parties or parties in privity with each other; (3) the party taking the position must have been successful in maintaining that position and have received

>some benefit; (4) the inconsistency must be part of an intentional effort to mislead the court; and (5) the two positions must be totally inconsistent.

*Cothran v. Brown*, 592 S.E.2d 629, 632 (S.C. 2004); *1000 Friends of Maryland v. Browner*, 265 F.3d 316, 226-27 (4th Cir. 2001).

In the instant case, Plaintiffs allege that Defendant took contradictory positions by initially asserting that it had not substantially participated in litigation of this matter in any court and later asserting the ACORN settlement as a basis for dismissing Plaintiffs' claims. An examination of the language used by Defendant and the context in which it was used, however, reveals that Defendant did not, in fact, adopt two competing positions.

Initially, Defendant stated, "In this case, Household has not taken advantage of the judicial forum in any way." Reply Memorandum in Support of Motion to Compel Arbitration and Dismiss or Stay Action at 13. Defendant made this statement in the context of its argument that it had not waived its right to arbitration by participating in litigation with Plaintiffs. Therefore, the meaning and context of this statement differs entirely from Defendant's later assertion of the ACORN settlement as a defense to Plaintiffs' claims. The Court, moreover, never accepted or relied on this statement by Defendant, as it did not initially determine whether Defendant had waived its right to seek arbitration. Order Compelling Arbitration at 2-3. Finally, Plaintiff has failed to present any evidence showing that any statement of Defendant was made intentionally to mislead the Court. In sum, Plaintiff fails to establish even a *prima facie* case for judicial estoppel.

As the arbitrator did not act in manifest disregard of the law in dismissing Plaintiffs' claims against Defendant, and as Plaintiffs' other arguments fail, the Court concludes that Plaintiffs' motion to vacate the arbitration award must be denied.

### B.    Defendant's Motion to Confirm the Arbitration Award

When parties to an arbitration agreement "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Therefore, in the instant case, the Court's decision on Plaintiffs' motion to vacate the arbitration award effectively dictates the disposition of Defendant's motion to confirm the award. As Plaintiffs' motion to vacate will be denied, the Court necessarily will grant Defendant's motion to confirm. Further, the Court may grant the motion to confirm in summary fashion. *Sverdrup Corp. v. WHC Contractors, Inc.*, 989 F.2d 148, 150 (4th Cir. 1993) ("Section 9 of the FAA provides a mechanism for summary confirmation of arbitration awards.").

Here, the parties agreed that a judgment of the Court would be entered upon the arbitration award, this Court has jurisdiction to confirm the award as it was entered in South Carolina and the Court previously stayed this acting pending arbitration, the motion to confirm was filed within one year of the arbitrator's decision, and Plaintiffs' motion to vacate the decision has been denied. Therefore, the FAA's provisions have been satisfied, and the Court must enter an order confirming the arbitration award.

## V.    CONCLUSION

Based on the foregoing, and after a thorough review of the record and the relevant law, it is the judgment of this Court that Plaintiffs' motion to vacate the arbitration award be **DENIED** and that Defendant's motion to confirm the arbitration award be **GRANTED**. As the arbitrator's decision terminates Plaintiffs' claims against Defendant, the Court further orders that the stay placed

on this case be **VACATED** and that the case be **DISMISSED**.

      **IT IS SO ORDERED.**

Signed this 31st day of August, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE
